IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,243






EX PARTE DARREN WAYNE PURYEAR, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. F00-00474-RS IN THE 282nd JUDICIAL DISTRICT COURT

FROM DALLAS COUNTY






 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of aggravated robbery, and punishment was assessed at thirty-five years
confinement. Applicant's appeal was dismissed for want of jurisdiction. Puryear v. State,
No. 05-00-00682-CR (Tex. App.-Dallas, delivered April 19, 2001, no pet.).

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
has entered findings of fact and conclusions of law recommending that Applicant be granted
an out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires
appointed counsel to "represent the defendant until charges are dismissed, the defendant is
acquitted, appeals are exhausted, or the attorney is relieved of his duties or replaced by other
counsel". The duty to perfect an appeal attaches whether counsel is appointed or retained. 
See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted
to appeal, counsel had the duty to timely file a motion for new trial or give timely notice of
appeal, unless relieved by the trial court or replaced by other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number F00-00474-RS from the 282nd District Court of Dallas
County. The proper remedy in a case such as this is to return Applicant to the point at which
he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all
time limits shall be calculated as if the conviction had been entered on the day that the
mandate of this Court issues. We hold that Applicant, should he desire to prosecute an
appeal, must take affirmative steps to see that notice of appeal is given within thirty days
after the mandate of this Court has issued.


DO NOT PUBLISH

DELIVERED: September 14, 2005